## IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF VIRGINIA

#### Alexandria Division

| | | |
|---|---|---|
| Karsten Obed Allen, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:13cv726 (JCC/TCB) |
| | ) | |
| Warden, Keen Mountain Correctional | ) | |
| Center, | ) | |
| Respondent. | ) | |

### MEMORANDUM OPINION

Karsten Obed Allen, a Virginia inmate proceeding pro se, has filed a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of

abduction, attempted robbery, and other offenses in the Circuit Court for the City of Richmond.

On October 20, 2013, respondent filed a Motion to Dismiss and Rule 5 Answer, along with a

supporting brief and exhibits.  Allen was provided the opportunity to file responsive materials,

pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7K, and he filed

a reply on October 30, 2013.  Accordingly, the matter is now ripe for disposition.  For the reasons

that follow, respondent's Motion to Dismiss will be granted, and the petition will be dismissed,

with prejudice.

### I. Background

On January 6, 2010, following a jury trial, Allen was convicted of abduction with intent

to extort money, attempted robbery, possession of a firearm by a convicted felon, wearing body

armor while possessing a firearm, and two counts of use of a firearm in the commission of a

felony.  Case No. CR09F-3295-3300.  Prior to trial, the Commonwealth's request to try

1

petitioner and his codefendant, Carol Norman Drew, III, jointly was granted.[1]   At trial, petitioner

represented himself with the assistance of standby counsel.  Following a hearing on April 9,

2010,  petitioner was sentenced to thirty-four (34) years incarceration.  Id.

 Allen took a direct appeal of his convictions, raising six (6) assignments of error.  A

single judge of the Court of Appeals of Virginia granted an appeal as to petitioner's contention

that the trial court erred in granting the Commonwealth's motion for joinder where the joint trial

created actual prejudice.  Allen v. Commonwealth, R. No. 0755-10-2 (Va. Ct. App. Nov. 23,

2010); Resp. Ex. A.   A three-judge panel subsequently declined to grant petitioner any additional

assignments of error and gave reasons for its concurrence that those issues rightfully were denied.

Allen v. Commonwealth, R. No. 0755-10-2 (Va. Ct. App. Jan. 19, 2011); Resp. Ex. B.

Following briefing and oral argument, the judgment of conviction was affirmed in a published

opinion.  Allen v. Commonwealth, 58 Va. App. 618, 712 S.E.2d 748 (2011); Resp. Ex. C.

Allen's petition for further review by the Supreme Court of Virginia was refused without written

opinion on December 14, 2011.  Allen v. Commonwealth, R. No. 111597 (Va. Dec. 14, 2011);

Resp. Ex. D.

 Allen thereafter petitioned the Supreme Court of Virginia for a writ of habeas corpus,

raising multiple claims.  The petition was denied and dismissed on April 23, 2013.  Allen v.

Warden, Keen Mountain, R. No. 121727 (Va. Apr. 23, 2013); Resp. Ex. E.

 Allen next turned to the federal forum and timely  filed the instant application for relief

---

[1]Codefendant Carol Norman Drew, III's application for § 2254 relief was denied in Drew v. Edmonds, Case No. 1:13cv312 (E.D. Va. Oct. 3, 2013) (TSE), appeal dismissed, R. No. 13-7748 (4th Cir. Mar. 7, 2014).

pursuant to 28 U.S.C. § 2254 on June 2, 2013.[2]  Allen makes the following claims:

1.    He was denied his right to effective assistance of counsel where the trial court failed adequately to inquire as to the conflict between petitioner and his appointed counsel, failed to appoint new counsel, and forced petitioner either to represent himself or to proceed to trial with counsel with whom a conflict existed.

2.    His right to self-representation was violated where the trial court made a ruling that prevented petitioner from acting on unsolicited participation by standby counsel.

2A.   He was denied effective assistance of counsel where standby failed to assert the prejudice that would result when the court read a modified version of an Allen charge to the jury and thus failed to preserve the issue for appellate review.

3.    He was denied his right to a fair trial when the trial court denied his motion for severance and the joinder resulted in actual prejudice arising from the presentation of mutually exclusive and antagonistic defenses.

4.    The trial court denied him a fair trial when it read a modified Allen charge and made coercive comments on the jury's choice to continue deliberations.

5.    His right to due process was violated when the court failed to read in open court a verdict for each charge on which he was tried.

6.    His right to due process was violated because the evidence was insufficient to sustain the conviction of attempted robbery.

7.    He received ineffective assistance of appellate counsel because meritorious issues were not presented.

Petition, Att. 1, "Claims Presented."  As noted above, respondent has filed a Rule 5 Answer and

a Motion to Dismiss the petition, along with the notice required by Roseboro, 528 F.2d at 309,

---

[2]For federal purposes, a pleading submitted by an incarcerated litigant is deemed filed when the pleading is delivered to prison officials for mailing.  Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988).  Pet. at 12.

and petitioner has filed a reply. Petitioner's present claims have been exhausted in the state

forum.[3] Accordingly, this matter is now ripe for review.

## II. Procedural Default

Several of petitioner's claims are procedurally defaulted from federal consideration. On

federal habeas corpus review, a state court's finding of procedural default is entitled to a

presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28

U.S.C. § 2254(d)), provided two foundational requirements are met. Harris v. Reed, 489 U.S.

255, 262-63 (1989). First, the state court must have relied explicitly on the procedural ground to

deny petitioner relief. Id. Second, the state procedural rule relied on to default petitioner's claim

must be an independent and adequate state ground for denying relief. Id. at 260; Ford v.

Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal

courts may not review the barred claims absent a showing of cause and prejudice or a

fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. Based

upon these principles, a portion of petitioner's Claim 1 (trial court's failure to inquire into

petitioner's conflict with counsel) as well as Claim 2 (denial of right to self-representation by

preventing him from acting on counsel's unsolicited participation), Claim 3A (misconduct by

Commonwealth in moving for joinder), Claim 4 (denial of a fair trial due to modified Allen

---

[3]Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

charge), and Claim 5 (denial of due process when all verdicts were not read aloud) are procedurally barred from federal review.

When petitioner raised the substance of the foregoing claims in his state habeas corpus application, the Supreme Court of Virginia expressly found them to be defaulted pursuant to Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974), cert. denied, 419 U.S. 1108 (1975) as "non-jurisdictional issue[s that] could have been raised at trial and on direct appeal and, thus, are not cognizable in a petition for a writ of habeas corpus." Allen v. Dir., supra.  The Fourth Circuit has consistently held that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision."  Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Therefore, the Virginia Court's express finding that Slayton barred review of a portion of Claim 1 and Claims 2, 3A, 4 and 5 also precludes federal review of those claims. Clanton, 845 F.2d at 1241.

A federal court may not review a procedurally barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence.  Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim.  See Coleman, 501 U.S. at 753-54; Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton, 845 F.2d at 1241-42.  Importantly, a court need not consider the issue of prejudice in the absence of cause.  Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

In his reply to the Motion to Dismiss, Dkt. 17, petitioner argues that the procedural default of the foregoing claims should be excused on the basis of cause and prejudice, but his arguments fail to satisfy the foregoing criteria.  Not surprisingly, petitioner cites alleged error by

5

both his counsel and the trial court as cause, but he fails to show that counsel's alleged

shortcomings amounted to ineffective assistance.   Moreover, petitioner makes no claim of actual

innocence. Cf. Harris, 489 U.S. at 260. Therefore, as petitioner has made no showing of cause

and prejudice or a fundamental miscarriage of justice, a portion of Claim 1 as well as Claims 2,

3A, 4 and 5 are procedurally barred from consideration on the merits.

### III.  Merits Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition,

a federal court may not grant the petition based on the claim unless the state court's adjudication

is contrary to, or an unreasonable application of, clearly established federal law, or based on an

unreasonable determination of the facts. 28 U.S.C. § 2254(d).  Whether a state court decision is

"contrary to" or "an unreasonable application of" federal law requires an independent review of

each standard.  See Williams v. Taylor, 529 U.S. 362, 412-13 (2000).  A state court

determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to

that reached by [the United States Supreme] Court on a question of law or if the state court

decides a case differently than [the United States Supreme] Court has on a set of materially

indistinguishable facts." Id, at 413.  Under the "unreasonable application" clause, the writ should

be granted if the federal court finds that the state court "identifies the correct governing legal

principle from [the Supreme] Court's decisions but unreasonably applies that principle to the

facts of the prisoner's case." Id.  Importantly, this standard of reasonableness is an objective one.

Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court

decision that previously addressed the claims rather than the petitioner's free-standing claims

themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139

F.3d 891 (4th Cir. 1998) (table).

## IV. Analysis

Claim 1:  In the portion of Claim 1 that is not procedurally defaulted, petitioner argues that his right to effective assistance of counsel was violated when the court denied his motion to relieve court-appointed standby counsel and to appoint new counsel.  To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984).  To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance."  Id. at 690.  Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis");  Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v.

7

Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the

Strickland test are "separate and distinct elements of an ineffective assistance claim," and a

successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at

233. Therefore, a court need not review the reasonableness of counsel's performance if a

petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

When petitioner raised this claim on direct appeal, a three-judge panel of the Court of

Appeals found it to be without merit for the following reasons:

> The decision whether to grant a motion to withdraw as counsel or for
> new counsel lies within the sound discretion of the trial court. Payne
> v . Commonwealth, 233 Va. 460 , 473, 357 S.E.2d 500, 508 (1987);
> Kinard v. Commonwealth, 16 Va. App. 524, 526, 431 S.E.2d 84, 85-
> 86 (1993). Denial of such motions is reviewed for an abuse of
> discretion. Paris v. Commonwealth, 9 Va. App. 454, 459, 389 S.E.2d
> 718, 721 (1990). An indigent defendant cannot have his original
> attorney replaced unless he shows good cause. Kinard, 16 Va. App.
> at 526, 431 S.E.2d at 86.

> Appellant requested new counsel on at least four occasions.
> Appellant informed the trial court that he was not clear about why he
> was charged with the offenses, he asserted that his counsel was not
> working to obtain discovery, and he believed his counsel lied to him.
> Appellant also stated that he had filed a bar complaint about his
> counsel.

> 'When a formal complaint alleging an ethical violation has been filed
> against an attorney during trial, even when filed by the defendant,
> courts have declined to find a *per se* conflict of interest.' Carter v.
> Commonwealth, 16 Va. App. 42, 47, 427 S.E.2d 736, 740 (1993)
> (citing People v. Allen, 580 N.E.2d 1291, 1298 (Ill. App. Ct. 1991)).
> 'Allegations of wrongdoing alone cannot rise to the level of an actual
> conflict unless the charges have some foundation.'" Id. (quoting
> United States v. Jones, 900 F.2d 512, 519 (2d Cir. 1990)).

> Appellant has failed to demonstrate that his allegations against his
> attorney had some foundation. Based upon the record before us, we
> cannot say that appellant's filing of a complaint with the Virginia
> State Bar constituted good cause for appointing new counsel.

8

> In addition, at the June 5, 2009 hearing, appellant's counsel stated
> that he had not lied to appellant. Also, appellant's counsel had filed
> a discovery motion. Thus, appellant did not disclose any sound basis
> for dissatisfaction with his appointed counsel. On this record, we
> cannot say the trial court abused its discretion in denying appellant's
> motions.

Allen v. Commonwealth, Resp. Ex. B, slip op. at 5-6. Because the foregoing order was the last

reasoned state court decision on the claim at issue, its reasoning is imputed to the Supreme Court

of Virginia, which refused further appeal without explanation. See Ylst v. Nunnemaker, 501

U.S. 797, 803 (1991).

Allen has failed to demonstrate that the foregoing determination was either contrary to

clearly established federal law or based on an unreasonable determination of the facts. The fact

that Allen filed a bar complaint against counsel, standing alone, did not create an actual conflict

of interest. Jones, 900 F.2d at 519. Aside from that, petitioner has come forward with nothing to

indicate that counsel worked to his actual and substantial disadvantage, such that the trial was

tainted with errors of constitutional dimension. Cf. Carrier, 477 U.S. at 494. Under these

circumstances, the state courts' determination that petitioner's claim warranted no relief must be

allowed to stand. Williams, 529 U.S. at 412-13.

Claim 2A: In claim 2A, petitioner contends that he received ineffective assistance of

standby counsel when no objection was interposed to the modified Allen charge the jury

received. Petitioner argues that counsel's failure to make a prejudice argument forfeited his right

to appeal the issue, and that the trial court erred in ruling that petitioner and standby counsel

could not act on the same matter. On habeas corpus review, the Supreme Court of Virginia

rejected this claim, as follows:

> The Court holds claim 2(A) is without merit because a petitioner who
> decides to represent himself cannot thereafter complain of ineffective

9

> assistance of counsel. See Faretta v. California, 422 U.S. 806, 834,
> n.46 (1975).

Allen v. Warden, Resp. Ex. E, slip op. at 5-6.

The Virginia court's resolution of this issue was not an unreasonable determination of the

facts. Contrary to petitioner's argument, the record reveals that standby counsel in fact did object

to the Allen charge. (T. 509, 512-15)  In addition, the Court's holding was in accord with

controlling federal authorities. As it recognized, because a defendant has no right to standby

counsel, he has no right to effective standby counsel. United States v. Schmidt, 105 F.3d 82, 90

(2d Cir. 1997). In this case, petitioner advised the court prior to trial that he wanted standby

counsel's assistance with jury instructions. (T. 9/16/09 at 5)  Thus, no basis for habeas relief has

been demonstrated, and the state court's resolution of this claim must be allowed to stand.

Williams, 529 U.S. at 412-13.

Claim 3: In his third claim, petitioner alleges that his right to a fair trial was violated

when his motion to sever his trial from that of his codefendant was denied. Petitioner asserts that

this is so because he and his codefendant, Drew, relied on defenses that were mutually exclusive

and antagonistic. According to petitioner, he was prejudiced because Drew blamed him for the

crimes and contradicted his alibi defense, and he hypothesizes that the situation confused the jury

and caused it to convict them both.

This claim was the issue upon which petitioner was granted an appeal by the Court of

Appeals of Virginia. After briefing and oral argument, the Court issued a published opinion in

which it found as follows:

> The underlying determinations of good cause [for a joint trial] and
> prejudice [requiring severance] involve a case-by-case exercise of the
> trial court's discretion.   See Dickerson v. Commonwealth, 29
> Va..App. 252, 254, 511 S.E.2d 434, 435-36 (1999); Adkins v.

Commonwealth, 24 Va.App. 159, 162-63, 480 S..E.2d 777, 779 (1997).  On appeal, we do not review there decisions *de novo* but rather under the deferential abuse-of-discretion standard.  'Only when reasonable jurists could not differ can we say an abuse of discretion has occurred.'  Grattan v. Commonwealth, 278 Va. 602, 620, 685 S.E.2d 634, 644 (2009) ...

On appeal, Allen does not claim the trial court abused its discretion in finding good cause for the joint trial. ... Instead, Allen contends only that the court erred in refusing to accept his argument that a joint trial could prejudice him. ... Allen's prejudice argument turns on a single, general assertion: 'Connecting Allen with Drew in front of a jury tainted their ability to fairly judge Allen on the evidence against him by creating a vicarious guilt attaching to Allen, simply by virtue of being tried with Drew.' Appellant's Br. at 10.  As Allen views the case, the incriminating evidence against him was far less convincing than the incriminating evidence against Drew - thus raising the specter of 'vicarious guilt.'  Id.

We find it unnecessary to examine the evidence in detail to determine whether Allen's factual assessment is persuasive because we disagree with the legal premise of the argument.  Even if the case against Drew were stronger than that against Allen, that fact by itself would not entitle Allen to a separate trial.  A criminal defendant must show a joint trial would case 'actual prejudice' to his rights, Randolph v. Commonwealth, 24 Va.App. 345, 363-64, 482 S.E.2d 101, 110 (1997) (citation omitted) - not theoretical or hypothetical prejudice, but rather 'legally cognizable prejudice,' Zafiro v. United States, 506 U.S. 534, 541 (1993).  This occurs only when 'there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants' or when the joinder would 'prevent the jury from making a reliable judgment about guilt or innocence.'  Id. at 539.

That the prosecution may have a stronger case against one codefendant than another does not, by itself, constitute actual prejudice.  Criminal defendants 'are not entitled to severance merely because they may have a better chance of acquittal in separate trials.'  Id. at 540.  Nor does it matter that 'separate trials would more likely result in acquittal' or that 'the evidence against one defendant si not as strong as that against the other.'  United States v. Shealey, 641 F.3d 627, ___ (4th Cir. 2001) (citation omitted); United States v. Akinkoye, 185 F.3d 192, 197 (4th Cir. 1999) (citing United States v. Brooks, 957 F.2d 1138, 1145 (4th Cir. 1992)).  'The fact that the

evidence against one defendant is stronger than the evidence against other defendants does not in itself justify severance." Brooks, 957 F.2d at 1145 (citing United States v. Hargrove, 647 F.2d 411, 415 (4th Cir. 1981)). All the more, the mere assertion that a codefendant was 'more deeply involved in the crime' does not constitute actual prejudice. Hargrove, 647 F.2d at 415. If it were enough, separate trials 'would have to be granted almost as a matter of course,' Brooks, 957 F.2d at 1145, except in those rare cases where the incriminating evidence is precisely the same against one defendant as it is against all others.

Because Allen 'can point to no trial right which was compromised or any basis for concluding the jury was prevented from making a reliable judgment about his guilt or innocence,' Barnes v. Commonwealth, 22 Va. App. 406, 413, 470 S.E.2d 579, 582 (1996), we hold the trial court did not abuse its discretion by refusing Allen's request for a separate trial.

Allen v. Commonwealth, Resp. Ex. C, slip op. at 3- 6.

Federal law recognizes that the risk created by misjoinder is that a jury may confuse the evidence and return a conviction against a defendant on a charge on which it would have acquitted had the evidence been segregated. Zafiro, 506 U.S. at 539. Therefore, to show prejudice resulting from misjoinder, a defendant must demonstrate that there is a reasonable probability that the jury confused evidence and convicted him of an offense for which he otherwise would have been acquitted. See id. at 540; see also, Walker v. True, 67 Fed. App'x 758, 764-65 (4th Cir.), vacated on other grounds, 540 U.S. 1013 (2003) (rejecting the argument that a single trial for predicate murder and capital murder constituted misjoinder). In this case, as the Virginia appellate courts found, Allen failed to show that such a probability existed. Consequently, the Court's denial of relief on the claim that petitioner's right to a fair trial was violated when he was tried jointly with his codefendant was based on a reasonable determination of the facts and was not contrary to or an unreasonable application of controlling federal principles, so the same result must pertain here. Williams, 529 U.S. at 412-13.

12

Claim 6: In his sixth claim, petitioner argues that his right to due process was violated because the evidence was insufficient to sustain ths conviction of attempted robbery, and by extension also the attendant charge of use of a firearm in the commission of an attempted robbery.  On federal habeas review, the standard for a claim challenging the sufficiency of the evidence supporting a state conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979) (emphasis original).  The federal court is required to give deference to findings of fact made by the state courts, and this presumption of correctness applies to facts found by both trial and appellate courts.  28 U.S.C. § 2254(d); <u>Sumner v. Mata</u>, 449 U.S. 539, 546-47 (1981); see <u>Wilson v. Greene</u>, 155 F.3d 396, 405-06 (4th Cir. 1998) (citing <u>Wright v. West</u>, 505 U.S. 277, 292 (1992) for the holding that a federal habeas court is prohibited from either "considering] anew the jury's guilt determination or "replac[ing] the state's system of direct appellate review").   In short, the federal court must determine only whether the trier of fact made a rational decision to convict. <u>Herrera v. Collins</u>, 506 U.S. 390, 402 (1993).

The three-judge panel of the Court of Appeals found no merit to this argument for the following reasons:

> 'An attempt is composed of two elements: the intention to commit the crime, and the doing of some direct act towards its consummation which is more than mere preparation but falls short of execution of the ultimate purpose.' <u>Hopson v. Commonwealth</u>, 15 Va. App. 749, 752, 427 S.E,2d 221, 223 (1993) (quoting <u>Sizemore v. Commonwealth</u>, 218 Va. 980, 983, 243 S.E.2d 212, 213 (1978)).
>
> To convict an accused of attempted robbery, the Commonwealth is required to prove beyond a reasonable doubt that the accused 'intended to steal personal property from [the victim], against his will, by force, violence, or intimidation.   Additionally, the

Commonwealth must prove beyond a reasonable doubt that [the accused] committed a direct, but ineffectual, act to accomplish the crime.' Pitt v. Commonwealth, 260 Va. 692, 695, 539 S.E.2d 77, 78-79 (2000) (citing Johnson v. Commonwealth, 209 Va. 291, 293, 163 S.E. 2d 570, 572-73 (1968)).

The victim testified two men shot at him. The victim positively identified appellant and his codefendant as the two gunmen. The victim stated that both men said to him, 'Drop the work. Where's the work at?' The victim testified that 'works' are drugs, money, or something of value. The victim ran, but appellant caught up with the victim and held a gun to his head. The victim testified than when appellant put the gun against his head, appellant again asked where the money and the 'work' were located. The victim stated that he believed appellant was asking him where his money was, and the victim replied that he did not have any. The victim testified appellant told him not to run, and contacted another person via a walkie-talkie styled phone. Appellant then demanded that the victim take him to a place where he could rob someone.

> The specific intent to commit [a crime] may be inferred from the conduct of the accused if such intent flows naturally from the conduct proven. Where the conduct of the accused under the circumstances involved points with reasonable certainty to a specific intent to commit [the crime], the intent element is established.

Wilson v. Commonwealth, 249 Va. 95, 101, 452 S.E.2d 669, 674 (1995) (citations omitted).

From the evidence that appellant instructed the victim to 'drop the work,' coupled with appellant's insistence that the victim take him somewhere where he could rob someone after appellant learned the victim had nothing to give him, the jury could infer that appellant intended to rob the victim. "We ... ask whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003). Accordingly, the evidence was sufficient to prove beyond a reasonable doubt the appellant committed attempted robbery.

Allen v. Commonwealth, Resp. Ex. B, slip op. at 3-5.

For the reasons which were amply explained by the Court of Appeals in the foregoing order, it is apparent that when the evidence is viewed in the light most favorable to the prosecution, a rational trier of fact could have found Allen guilty of attempted robbery. Therefore, the state courts' determination that the conviction is supported by sufficient evidence was neither contrary to, nor an unreasonable application of, controlling federal law, <u>Jackson</u>, <u>supra</u>, nor was it based on an unreasonable interpretation of the record facts. Accordingly, the same result is compelled here. <u>Williams</u>, 529 U.S. at 412 - 13.

    <u>Claim 7</u>: In his seventh claim, Allen contends that he received ineffective assistance from his appellate counsel because meritorious issues were not raised on direct appeal. Specifically, Allen alleges that his lawyer should have raised on appeal "the issues presented in this [habeas] petition." Pet. at 11. He also argues that counsel inadequately presented the claims regarding the failure to appoint new counsel, joinder, and his being forced to choose between self-representation and counsel who was not conflict-free.

    When this claim was raised on state habeas corpus review, the Virginia Supreme Court rejected it on the following holding:

> The Court holds that claim (7) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). The selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address every possible issue on appeal. <u>Jones v. Barnes</u>, 463 U.S. 745, 751-52 (1983). Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

<u>Allen v. Warden</u>, Resp. Ex. E, slip op. at 6.

    As the state court recognized, the <u>Strickland</u> analysis applies to claims of ineffective assistance on appeal as well as at trial.  <u>Matire v. Wainwright</u>, 811 F.2d 1430, 1435 (11th Cir.

1987).  Petitioner's claim satisfies neither component of that test here. Appellate counsel raised a total of six (6) assignments of error on petitioner's direct appeal to the Virginia Court of Appeals. One of those was the argument that the trial court erred in failing to appoint new counsel for petitioner. Although petitioner now argues that the claim was presented inadequately, he fails to show the manner in which some alternate presentation of that argument would have resulted in a reversal of his convictions.  Similarly, although appellate counsel challenged the joinder of petitioner's trial with that of his codefendant, petitioner now claims that counsel performed ineffectively by failing to argue the mutual antagonism of the defenses presented.  However, again, petitioner does not demonstrate how the outcome of the appeal proceeding would have been different had counsel made the specific argument petitioner now claims was omitted, so the prejudice prong of <u>Strickland</u> is not satisfied.   In fact, as discussed above, the Court of Appeals granted an appeal on the issue of joinder and affirmed the trial courts' ruling in that regard, and nothing suggests that the court's decision would have been otherwise had appellate counsel argued the issue in a different manner.  The other issues petitioner claims were erroneously omitted from direct appeal are the same ones he made himself in his state habeas corpus application and here - namely, that the court failed to inquire sufficiently into petitioner's conflict with counsel, the alleged impropriety of the <u>Allen</u> charge, the incomplete reading of the guilt phase verdict, the court's ruling that petitioner and standby counsel could not both address a given issue, and the prosecutor's alleged misconduct in seeking joinder. To the extent that some of those claims are discussed in this opinion, it is apparent that they lack merit, so their omission from direct appeal caused petitioner to suffer no prejudice. And to the extent that some are procedurally defaulted here because they were not raised on direct appeal, petitioner has failed to demonstrate that their inclusion in that proceeding would have changed its outcome, so he has

not sufficiently shown that counsel's assistance was constitutionally deficient.  See Jones, 463 U.S. at 745 (appellate counsel cannot be found ineffective for failing to raise every non-frivolous issue identified by a defendant); Townes v. Commonwealth, 234 Va. 307, 320, 362 S.E.2d 650, 657 (1987) (appellate counsel decides what questions should be raised on appeal). Thus, claim 7 of this petition warrants no federal relief.  Williams, 529 U.S. at 412 - 13.

## V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss this petition will be granted, and the petition will be dismissed with prejudice.  An appropriate Order shall issue.

.

Entered this _____ day of _____ 2014.

Alexandria, Virginia

/s/
_____
James C. Cacheris
United States District Judge